Henry Moehling et al., Appellants, v. Heirs or Devisees of Fred Vogt, Jr., Deceased, Defendants. Emma Vogt, Appellee.

Gen. No. 39,256.

Heard in the third division of this court for the first district at the October term, 1936. Opinion filed June 30, 1937.

ARIBERT F. WILD and SAMUEL L. JACOBSON, both of Chicago, for appellants.

BOOTH & BOOTH, of Chicago, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

This cause is in this court upon the direction of the Supreme Court that it was without jurisdiction to consider the cause on appeal of the appellants (plaintiffs).

From the record, which was transferred to this court, it appears that the plaintiffs (appellants) Henry Moehling, George Wilson, and Charles Langhoff, as trustees of schools of Township 42, Range 10, Cook county, Illinois, are prosecuting an appeal from a decree entered in the circuit court of Cook county in the above entitled cause on February 6, 1936, by which decree a former decree entered in the same cause on October 8, 1935, was amended.

The plaintiffs in their official capacity, on May 21, 1935, filed their bill of complaint for the foreclosure of a mortgage. The complaint averred in substance that on May 10, 1929, Fred Vogt, Jr., and Emma Vogt, his wife, executed and delivered their principal note in the sum of $2,500 and 10 interest notes; that they were the owners of the premises on which this mortgage was a lien and that on the same day, to secure the indebtedness, they executed, acknowledged and delivered their trust deed, which was filed for record on June 17, 1929, and by the trust deed conveyed the premises in question to secure the payment of the notes above described; that Fred Vogt, Jr., departed this life and no estate was probated; that default had been made in payment of interest, principal and taxes, and upon such default this suit of foreclosure was instituted; that the heirs and devisees of Fred Vogt, Jr., were made parties defendant to this bill, as were other persons interested, who were made parties defendant as "Unknown Owners."

Defendant Emma Vogt and certain other defendants were personally served with summons, and the "Unknown Heirs and Devisees of Fred Vogt, Jr.," and "Unknown Owners" were served by publication, as provided by law. On July 12, 1935, the defendants were defaulted for want of an appearance. Thereafter, on August 23, 1935, by stipulation, the default against Emma Vogt was set aside, and leave granted to her to file her answer without prejudice to a reference to a master theretofore made on July 12, 1935.

On August 29, 1935, Emma Vogt filed her answer to the complaint, by which, under oath, she admitted the allegations of the complaint as to the execution of the notes and trust deed, and the waiver of homestead, and denied certain other allegations not material to the question before this court.

The master's report filed on October 8, 1935, contained certain findings of fact and conclusions of law, including a finding that the trust deed was, on May 10, 1929, duly acknowledged by Fred Vogt, Jr., and Emma Vogt, his wife, including release and waiver of the right of homestead, and recommendation that a decree of foreclosure be entered by the court; that on October 8, 1935, the court entered a decree directing that a sale of the property described in the decree be had in the event the indebtedness found to be due was not satisfied.

It also appears from the record that Emma Vogt, after a period of 29 days, was granted leave to file a petition to vacate and modify the decree of October 8, 1935, that the petition sets up the fact that from the face of the trust deed it appears it was acknowledged by Emma Vogt and her husband before a notary public, and states as a fact that such trust deed had never been acknowledged by either herself or her husband before a notary public, and that her attention was first called to this fact and disclosed from an examination of the record.

It further appears from her petition that she alleges she never released or waived her right of homestead in the premises, and that she intends to maintain and claim the same as her homestead for the maintenance of herself and her children; that in presenting this petition she and her attorney have acted with all possible expedition in presenting the facts, and that they have not been guilty of laches in presenting this matter for consideration of the court, and therefore petitioner prays that the court enter an order that the homestead rights of the petitioner be preserved by the court in whatever proceedings or decrees should be entered herein, and that the petitioner have such other relief as to equity should seem meet. To this petition is attached the affidavit of Emma Vogt, which was sworn to by her, as appears from the petition itself.

To the petition the plaintiffs filed an answer on December 5, 1936, denying the allegations of the petition and charging that the petitioner was not informed that the deed was not acknowledged until October 24, 1935. The answer further averred that the execution and acknowledgment of the trust deed was admitted by the sworn answer of Emma Vogt, and that the trust deed was admitted in evidence without objection after it was submitted to counsel for Emma Vogt. The answer also avers that the defendants, Fred Vogt, Jr., and Emma Vogt, did execute and acknowledge the said trust deed when the loan was made, and that Emma Vogt was not entitled to the relief prayed for in her petition.

The petition of Emma Vogt was amended on January 16 and January 17, 1936, from which it appears that the premises were owned by Fred Vogt, Jr., and occupied as a homestead; that he acquired title by inheritance through his father, and that upon the death of Fred Vogt, Jr., title passed to his wife and children, and that said wife and children continued to occupy the premises as a homestead.

The trial court entered the following findings in the amendment entered February 6, 1936, to the decree of October 8, 1935:

"3. That the son of Emma Vogt's attorney on October 24, 1935, accidentally discovered that the trust deed being foreclosed herein as filed of record in the Recorder's office of Cook County, Illinois, and as shown by the photostatic recording thereof in said office, bore no certificate of acknowledgment by the grantors therein; that prior thereto said attorney was not aware of said lack of acknowledgment; that he immediately informed said Emma Vogt thereof, and that she then informed him that neither she nor her deceased husband had ever acknowledged said trust deed or released or waived their homestead rights, and that she had never seen said trust deed from the time it was executed up to said 24th day of October, 1935; that said Emma Vogt thereupon with due expedition, filed her petition herein to vacate said decree; that at the original hearing before the Master, the attorney for plaintiffs was the only witness; that he testified under oath that said trust deed was duly acknowledged by the grantors before a Notary Public who duly attached his certificate of acknowledgment thereto, and was recorded in the office of the Recorder of Deeds; that said trust deed was by him introduced in evidence, bearing a certificate of recordation and of acknowledgment in due form and appearing on its face to be genuine and true.

"4. That the trust deed being foreclosed herein was dated and executed May 10, 1929, but was not recorded until June 17, 1929, up to which latter date the photostatic recordation establishes that it had not been acknowledged and that the owners of the property, Fred Vogt, Jr., and Emma Vogt, his wife, who had signed the trust deed, had not in fact acknowledged or released or waived the right of homestead as provided by statute. That it is clear from all the evidence that

said deed was never in fact acknowledged before any person authorized to take acknowledgments and that the grantors never acknowledged that they released or waived said right of homestead; that no genuine, valid or legal certificate of acknowledgment was ever attached to said trust deed; that the alleged certificate of acknowledgment purporting to have been taken by one Fred A. Schering as a notary public, now appearing on said trust deed as introduced in evidence by plaintiffs' attorney, was placed thereon after said trust deed was recorded and without the presence of the grantors, and without in fact taking their acknowledgment, and the Court finds that the same is without effect and was placed upon said trust deed after its execution and delivery and without right or authority, and that the statements contained in said purported certificate of acknowledgment are false and fraudulent and do not constitute in law a waiver or release of the right of homestead of said grantors.

"5. That at the time said trust deed was executed, said Fred Vogt, Jr., owned and occupied as a householder the land and buildings involved herein as a homestead and residence with his wife, the said Emma Vogt, and their minor children, as his family, and so continued until his death January 7, 1935; that prior to the execution of said trust deed he owned an undivided one-fourth interest therein and so occupied same; that by the death of said Fred Vogt, Jr., the title thereto passed to said Emma Vogt and their said four minor children, as his widow and heirs, and that they have so continued to occupy said land and buildings as a householder, as a homestead and residence from his death until the present time, during which time the said defendant, Emma Vogt, has been and now is the head of her family and a householder; that said Emma Vogt is maintaining and claiming the same as a householder as her homestead and residence for the maintenance and benefit of herself and her said minor children."

The defendants' motion is to strike a part of the record filed on appeal which was filed and furnished by the trial court in compliance with an amended praecipe. A like motion was pending in the Supreme Court. This record contained a report of the proceedings had before the trial court, and the defendants contend that said report of the proceedings was not filed within the time limited by the statute and rules of the court, that is, Rule 1 of the Rules of the Appellate Court of the First District of Illinois, and Rule 36 of the Rules of the Supreme Court of Illinois.

The counter suggestions of the plaintiffs disclose that on February 6, 1936, the decree from which the appeal was prosecuted was rendered. On February 25, 1936, the plaintiffs filed their notice of appeal. On March 3, 1936, the plaintiffs filed their original praecipe for record, specifying for inclusion therein certain designated portions of the record. The original praecipe failed, however, to specify for such inclusion the report of the proceedings at the trial. On May 1, 1936, the plaintiffs filed an amended praecipe, specifying for inclusion the report of the proceedings at the trial, as well as certain other orders not entered at the time the original praecipe was filed. On May 9, 1936, 91 days after the rendition of the decree appealed from, and one day too late for the plaintiffs to comply with the rules of the court, the defendants moved to dismiss the appeal and to strike the amended praecipe from the record.

Paragraph 1 (a) of Rule 1 of the Rules of the Appellate Court of the First District, provides in part:

"In appeals taken directly to this court, the appellant shall within 10 days after the notice of appeal has been filed, prepare and file a praecipe with the clerk of the trial court, . . . in which appellant shall designate what parts of the trial court record are to be incorporated in the record on appeal. And the appel-

lee, . . . shall, within 5 days after being so served, file a praecipe for such additional parts of the record as he may desire to have incorporated in the record on appeal. . . .''

Rule 36 of the Supreme Court is identical with the rule of this court.

Notice of the appeal was filed in the trial court February 6, 1936. The original praecipe of the plaintiffs was filed March 3, 1936, and the controversy arises from the fact that the original praecipe did not specify any report of the proceedings had in the trial court. It appears that the record as prepared in compliance with the amended praecipe, was filed without leave of court. By that admission it appears that the record was filed after the time fixed for the filing of such documents.

Referring again to the rules of the court, Rule 36, subdivision (2), paragraph (a) of the Supreme Court Rules, provides as follows:

''(a) When the praecipes do not specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court not more than 30 days after the notice of appeal has been filed.

''(b) When the praecipes specify any proceedings at the trial, the record on appeal shall be transmitted to the reviewing court not more than 30 days after the report of the proceedings or agreed statement of facts has been filed.

''(c) Further time within which to file the record on appeal may be granted by the reviewing court, or by any justice thereof in vacation upon motion and affidavit showing good cause, and due diligence. Such motion and affidavit must be accompanied by enough of the record on appeal to show a final judgment or decree, a notice of appeal filed within the time limited by the Civil Practice Act, and proof of service of the notice of appeal, and the filing and serving of appellant's

praecipe for record, all within the time limited by the Civil Practice Act, and by these rules.

"Such motion shall be made before the expiration of the time fixed in this rule for filing the record on appeal." A like rule governs the practice of this court, which is Rule 1, subdivision (2), paragraph (a).

From the record before us it appears that when the report of the proceedings was filed in compliance with the amended praecipe, the rules of the court were not complied with by the allowance of time within which to file said record in the court, and, for the reasons stated, that portion of the record showing the report of the proceedings of the trial court will be stricken.

In considering the questions so far as they are before this court upon the record filed within the time limited by the statute, the decree of the court indicates from its findings entered February 6, 1936, to the decree of October 8, 1935, that when the trust deed was filed of record in the recorder's office of Cook county, there was not included in the deed a certificate of acknowledgment before any person authorized to take acknowledgments, that the grantors named in the trust deed released or waived any right of homestead, and that subsequently the trust deed as introduced in evidence contained a certificate from which it appeared that Fred A. Schering, as a notary public, after the deed was recorded, prepared the certificate of acknowledgment attached to the instrument in which the grantors waived their right of homestead.

The trial court had before it the facts upon which it based its findings entered of record as an amendment to the decree entered on October 8, 1935, and we will assume that the evidence heard by the trial court warranted the amendment of the decree as it was amended by the findings of the court on February 6, 1936. For the reasons heretofore stated in this opinion, we have nothing before us which would aid in determining

294

whether the court in.so finding had sufficient evidence before it to justify its action. The decree of the court as amended is accordingly affirmed.

*Decree affirmed.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.